The record before this court clearly shows Sgt. Sizemore had nothing but the prohibited "hunch" when he stopped appellant's vehicle. In the absence of a reasonable articulable suspicion, the officer needed some pretext to justify the stop. He relied on what he believed was a minor equipment violation.
The stop was predicated upon the officer's misunderstanding of the law regulation taillight requirement. R.C. 4513.071 requires at least one brake light. The truck herein had at least one operating brake light. In order to justify the pretextual stop, the state argues the administrative regulation requires two brake lights.
As pointed out by the majority, there is a lack of authority for the proposition that administrative regulations supersede specific statutes on the same subject. To create a pretext for the stop herein, the majority relies on dissenting opinions not reported from another district.
This court reverses the trial court's granting appellee's motion to suppress by finding administrative regulations take precedence over statutory provisions.
I therefore respectfully dissent.